# Harr, Receiver, v. Hirsh-Luria Building & Loan Association of Reading

*John B. Wanner*, for petitioner.

*John S. Rhoda*, for respondent.

SHANAMAN, J., June 20, 1936.—Hirsh-Luria Building & Loan Association of Reading, being insolvent, passed into the receivership of William D. Gordon, Secretary of Banking of the State of Pennsylvania, on September 6, 1933. On December 15, 1934, the receiver filed his first and partial account in the Court of Common Pleas of Berks County. The court confirmed this account as of May 6, 1935, excepting the claim of Harry D. Fierst.

Jacob Kauffman, on November 1, 1932, had become the grantee of the association, by deed conveying from it to him of a parcel of real estate, 1111 Chestnut Street, Reading, Berks County, Pennsylvania. The deed purported to convey title clear and free of all encumbrances. This covenant was in pursuance of the language of a prior receipt of down money executed by the association and stipulating against encumbrances. On November 1, 1932, the date of the indenture, there were against the

said property, outstanding, valid and unpaid liens of record, to wit, alley-paving and tax liens which had been duly entered in the Court of Common Pleas of Berks County, in the lien dockets, and amounting to about a hundred dollars.

On April 13, 1936, Kauffman petitioned the court for permission to file nunc pro tunc with the receiver a proof of claim as creditor of the association to the amount of said liens. His petition alleged that said liens still remain a charge against the said property; that he "recently" learned of their existence; that under article 10, sec. 1003, of the Department of Banking Code of May 15, 1933, P. L. 565, he is debarred from proving his claim by the expiration of the statutory period within which the said statute requires claims of creditors to be proved; that he is informed and believes that all creditors of the association, with the exception of the above-mentioned Harry P. Fierst, have been paid, and that a dividend has been distributed to the stockholders of the building association; and that he received no notice to file his claim. The receiver demurred.

Section 1003 of the Department of Banking Code, supra, prohibits a creditor, other than a shareholder in the building association, to "share in any distribution of the assets of the institution," unless the claim is proved within the time specified by the Secretary of Banking in his capacity as receiver:

"However, the court may, upon petition and adequate cause shown, permit any creditor to file his claim upon a later date, but no claim shall in any event be allowed to be filed after the last day for the filing of exceptions to the first account of the secretary."

Section 1008 fixes "thirty days after the filing of an account" as the period within which exceptions may be filed. While the petition does not set forth the time which the secretary fixed for the filing of proofs of claim in the present case, or the last date of such period, it does aver that under section 1003 the petitioner is debarred from

proof of claim. Petitioner contends, however, that in order to do equity the court should permit him to file a proof of claim now.

Counsel has provided us with a copy of an opinion by Gordon, P. J., handed down at Philadelphia on March 10, 1936, in the Matter of Luther A. Harr, Secretary of Banking in Possession of Perpetual Building and Loan Association, no. 8362, September term, 1933, C. P. No. 2, wherein the court permitted a claim to be filed nunc pro tunc after the statutory limitation of time had run against the claimant. It appears from the copy of the opinion with which we have been furnished that the association in that case had concealed its ownership of certain real estate by registering the title in a straw name, and that the claimant acted promptly on discovering that the association was really the owner and therefore responsible for taxes accrued during its ownership, which claimant had paid after acquiring title at a sheriff's sale, on foreclosure of plaintiff's first mortgage. Judge Gordon applied the rule that:

"When one is prevented from knowing of the existence of a right of action in his favor against another by the active concealment of the right by the other, the statute of limitations does not begin to run until his discovery of the concealed facts giving rise to the right."

The court concluded that claimant should be allowed to prove, "especially since the account [of the Receiver] has not yet been called for audit, and no one's rights have yet been adjudicated."

No such equity appears here, since the liens in the present case were of record and discoverable by claimant at the time of the conveyance in 1932, and at all times thereafter. No concealment or effort to conceal the fact of their existence is alleged. In April 1936, almost three and a half years later, and 10 months after petitioner's right to share in the assets of the association has been barred by the above-cited provisions of the act, he now seeks permission to prove his claim. Unfortunately, he

sets up no meritorious ground for tolling the statute. The averment that he received no notice to prove is without force, since he does not aver that his claim appeared "upon the books of the institution" as creditor, or that he was "otherwise known to the secretary to be or claim to be" a creditor: See section 1001 of the Department of Banking Code. Furthermore, he fails to allege any nonperformance by the secretary of any duty to give notice by advertisement or otherwise, as provided in the act.

Claimant's averment, on information and belief, that all the creditors, except Fierst, have been paid and a dividend also distributed to the stockholders, is apparently set up as a ground to toll the statute, on the theory that not to permit the proof of claim is to sanction the redelivery of the corporate assets to the owner, free and clear of a just debt. No authority has been cited to support this proposition. The petition does not assert that the funds in possession of the receiver are ample to pay all claims, including those of the stockholders, in full. In the distribution of the assets of a building association, the solvency of the association is not determined by the mere adequacy of the funds to discharge all claims not arising from the ownership of shares.

"Building and loan associations are in a class by themselves, and it has been held that they are insolvent when they cannot pay back to their stockholders the amount of their contributions, dollar for dollar": Endlich on Building Associations (2d ed.), sec. 511, quoted in Kurtz v. Bubeck, 39 Pa. Superior Ct. 370, 379.

"An insolvent association is one that, after paying its general creditors, cannot pay back to its shareholders, dollar for dollar, the amount of contributions": Stone v. Schiller B. & L. Assn. et al., 302 Pa. 544, 552.

This view appears to be generally, though not universally, adopted among the American States:

". . . the usual test of insolvency is not applicable; but the association is considered insolvent, in the sense that the appointment of a receiver is justifiable, when its finan-

cial condition is such that it is unable to fulfill the purpose of its creation. More particularly it is held that the association is insolvent when it cannot pay back to its stockholders the amount of their contributions, dollar for dollar; but in some jurisdictions this test is held not applicable": 9 C. J. 991, §138.

Building associations therefore constitute a peculiar exception to the general rule that "In determining whether a corporation is insolvent, liability to its stockholders on its capital stock is not to be taken into consideration": 14A C. J. 883, §3059.

Since the petition does not show the association to be completely solvent, it is unnecessary to determine whether its solvency, if it appeared, would justify us in departing from the plain statutory mandate against this belated proof of claim.

And now, to wit, June 20, 1936, the demurrer is sustained, and the claimant's petition and rule for leave to file proof of claim nunc pro tunc are dismissed.